| | |
|---|---|
| TOMMY ADAMS, a.k.a The King of Salem, a.k.a. The Ancient of Days,<br><br>         Plaintiff,<br><br>- against -<br><br>ELLIS RUBINSTEIN and THE NEW YORK ACADEMY OF SCIENCES,<br>         Defendants. | MEMORANDUM<br>AND ORDER<br><br>15-CV-3532 (JG)(LB) |
| TOMMY ADAMS, a.k.a The King of Salem, a.k.a. The Ancient of Days,<br><br>         Plaintiff,<br><br>- against -<br><br>POPE FRANCIS; TIMOTHY DOLAN, Roman Catholic Archbishop of New York; the Holy See of the Roman Catholic Church,<br><br>         Defendants. | 15-CV-3647 (JG)(LB) |
| TOMMY ADAMS, a.k.a The King of Salem, a.k.a. The Ancient of Days,<br><br>         Plaintiff,<br><br>- against -<br><br>REV BERG, Founder of Kaballah,<br><br>         Defendant. | 15-CV-3968 (JG)(LB) |

JOHN GLEESON, United States District Judge:

On July 2, 2015, Tommy Adams, proceeding *pro se*, filed the three *in forma pauperis* actions captioned above seeking damages and injunctive relief. The three cases are consolidated for the purposes of this Order. I grant Adams's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. Adams's complaints are dismissed for the reasons set forth below.

## STANDARD OF REVIEW

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Indeed, mere conclusory allegations or "naked assertion[s]" will not survive dismissal without at least some "further factual enhancement" providing substance to the claims alleged. *Twombly*, 550 U.S. at 557. Additionally, a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

When a plaintiff proceeds without legal representation, I must regard that plaintiff's complaint in a more liberal light, affording his pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (*per curiam*). Even so, I must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

2

relief." 28 U.S.C. § 1915(e)(2)(B). Nevertheless, "a *pro se* plaintiff must still comply with the relevant rules of procedural and substantive law, including establishing that the court has subject matter jurisdiction over the action." *Wilber v. U.S. Postal Serv.*, No. 10-CV-3346 (ARR), 2010 WL 3036754, at *1 (E.D.N.Y. Aug. 2, 2010) (internal quotations omitted).

## DISCUSSION

The instant actions, all filed recently, are frivolous and perhaps even delusional. A court may dismiss a claim as "factually frivolous" only if the sufficiently well-pleaded facts are "clearly baseless"—that is, if they are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotations omitted). An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted).

In *Denton v. Hernandez*, the Supreme Court noted that the *in forma pauperis* statute, unlike Rule 12(b)(6) of the Federal Rules of Civil Procedure, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." 504 U.S. 25, 32-33 (1992) (internal quotations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

Adams's allegations in each of these three complaints rise to the level of the irrational. In the first action filed, against Ellis Rubenstein and the New York Academy of Sciences, Adams alleges that he is a divine power who has "been given the solution to the

3

unified field theory problem of physics through the mystical workings of the Holy Spirit." Compl., June 16, 2015, ECF No. 1 at 3. On November 14, 2013, he informed defendant Rubinstein, then employed by the New York Academy of Sciences, and "22 others, including the presidents of all the Ivy League colleges and of every major Catholic University in America and the International Society of African Scientists," that he had been given this information. *Id.* He alleges he has not heard from Mr. Ellis or any of the recipients of his letter, and for this slight, which he believes is an example of racism instigated at his birth by President Richard Nixon, he seeks "the sum total of all the wealth on planet earth" and "an injunction forcing the New York Academy of Science to demand that all the nations of the earth turn all of their real or perceived wealth over to me." *Id.*

In the second action, against Pope Francis, Timothy Dolan, the Roman Catholic Archbishop of New York, and the Holy See of the Roman Catholic Church, Adams's one-page statement of claim contains a description of his status and attributes: ("I am in fact the King of Salem . . . one of the most incredible looking black men . . . and . . . one of the greatest athletes in this history of civilization but also one of history's most absolutely brilliant men"). It then sets forth his allegations against the defendants:

> I allege that Pope Francis, Timothy Dolan, and the Holy See of Rome are racists who refuse to acknowledge that I'm even alive, having completely ignored multifarious requests from me for proper accommodation as a working apostle of the Lord for at least 2 decades by the time I first contacted the men. The future husband of one of the most beautiful, young, black, virgin women who will ever walk the earth, these men are horrified and apparently dumb-founded that a black woman that fine could actually even want let alone love me and I don't like that attitude. They and most of the European Jews are racist and continue to aid and ab[]et Mr. Nixon's crime, committing racial discrimination, maligning art to art, hiding my I.Q. on the record, falsifying grade reports, and e[n]gaging in all kinds of anti-American propaganda exactly because here in America you have to play fair and they can't. All this prevents me, the rightful owner of the land of Israel, from taking possession of it along with my bride.

4

Compl., June 22, 2015, ECF No. 1, at 2.

In Adams's third action, against defendant Ray Berg, his claim is that he wrote Berg a letter seeking his assistance in obtaining a document that identifies Adams as "The Creator of the Universe," and Berg failed to respond to the letter:

> Toward the middle of the late spring of 2014, I wrote the defendant, Mr. Berg, a letter informing him that I was taking action against the Roman Catholic Church for racial discrimination and salutary neglect as regards my situation as a devoted Christian apostle working in New York City more than 20 years by then, . . . so, [I] needed him to produce a copy of the covenant he must surely possess with him going back more than 40 years that identifies me as "The Creator of the Universe." Such covenant must surely exist with the nation of Israel as I am a believer in Jesus at all. God is real and such covenants don't exist with white people or with any females. They are only with black men.

Compl., July 2, 2015, ECF No. 1, at 2. Adams alleges that the basis for Berg's failure to respond is that he is "a racist like most Jews and that he and the Jews continue to aide and abbett [sic] Mr. Nixon's crime, committing racial discrimination . . . knowing full well that I am the rightful owner of planet earth through possession of the land of Israel . . ." *Id*.

None of these offensive allegations can form the basis of a federal lawsuit. In the first and third actions, Adams's disappointment over the lack of response from the recipients of his letters does not state a colorable claim. The claims in the second action are frivolous, as they are premised on his irrational belief that the government and the leaders of the Catholic Church are somehow involved in his personal life and have adversely affected his ability to wed. In short, Adams's allegations are fantastic and "wholly incredible," *Denton*, 504 U.S. at 33, and his claims are factually frivolous and without any legal basis. *Id.*; *Mecca v. U.S. Government*, 232 F. App'x 66, 66-67 (2d Cir. 2007) (affirming district court dismissal of complaint that was "replete with fantastic and delusional scenarios.") (internal quotations omitted). As the

complaints are frivolous, the actions are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

I have considered affording Adams an opportunity to amend the complaints. However, because the complaints are based on fanciful factual scenarios that could not be cured by amendment, I conclude that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("[A] district court may deny leave to amend the complaint if the amendment would be futile."). It is important that the Court and defendants not be required to expend resources on patently frivolous litigation.

CONCLUSION

Accordingly, the Court dismisses the instant *pro se* complaints pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 24, 2015
      Brooklyn, New York